IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QUENTIN LEFEVRE SMITH,<br>Plaintiff,<br><br>v.<br><br>SAFERENT SOLUTIONS, LLC and CONVERGENCE RESEARCH, INC.,<br>Defendants. | CIVIL ACTION NO.<br>1:26-cv-2107-TRJ-CMS |

**SCHEDULING ORDER AND CASE MANAGEMENT INSTRUCTIONS**

This Order contains important information specific to cases assigned or referred to United States Magistrate Judge Catherine M. Salinas. The parties are **ORDERED** to read this Order carefully and to comply with all of its requirements.

## A. SCHEDULE AND PRELIMINARY DEADLINES

Plaintiff and Defendant SafeRent Solutions, LLC recently filed their Joint Preliminary Report and Discovery Plan. [Doc. 14].[1]

[1] More than ninety days have passed since Plaintiff filed this lawsuit on April 17, 2026. The docket does not reflect that Plaintiff has served Defendant Convergence Research, Inc. with process. *See generally* [Docket]. I will issue a separate Order directing Plaintiff to show cause regarding service as to Defendant Convergence Research, Inc.

This case was assigned to a four-month period for discovery, but Plaintiff has requested that the Court assign the case to a one-year discovery track, noting (among other things) that the case is a putative class action. [Doc. 14 at 12]. Plaintiff's request appearing reasonable, it is granted. **Discovery will expire on August 16, 2027.**

The parties must serve expert disclosures by **June 14, 2027**. The parties must serve any rebuttal expert disclosures by **July 14, 2027**.

Plaintiff must file any motion for class certification **by July 14, 2027**.

The parties may serve expert disclosures **by August 28, 2026**.

The time limits for adding parties, amending the pleadings, filing motions, and discussing settlement are otherwise as stated in the Federal Rules of Civil Procedure, the parties' Joint Preliminary Report and Discovery Plan, and this Court's Local Rules.

Motions for summary judgment, if any, are due no later than **thirty days** after the close of discovery unless otherwise permitted by order of the Court. Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 7.1 set out the requirements for filing and responding to motions for summary judgment. The parties should review these rules carefully.

**For purposes of this case, the attached Order modifying Local Rule 56.1, which changes the way the parties prepare their statements of material facts, will be in effect.** If no motions for summary judgment are filed, the parties must file a proposed pretrial order on or before forty days from the close of discovery. *See* LR 16.4, NDGa. (as modified herein).

## B. CONTACTING CHAMBERS

Courtroom Deputy Clerk Angela L. Smith is your principal point of contact on administrative matters relating to this case. Neither the parties nor their counsel should discuss the merits of the case with Ms. Smith or any of the Court's law clerks. Ms. Smith's contact information is as follows:

The Honorable Catherine M. Salinas
ATTN: Angela L. Smith, Courtroom Deputy
1807 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, Georgia 30303-3309
Angela_L_Smith@gand.uscourts.gov

If a telephone call is necessary, you may reach Ms. Smith at 404-215-1380.

## C. DISCOVERY REQUESTS AND DISCOVERY DISPUTES

Counsel and/or pro se litigants are required to confer, in good faith, before bringing a discovery dispute to the Court. *See* FED. R. CIV. P. 26(c) and 37; LR 37.1(A), NDGa. The duty to confer is not satisfied by simply sending a letter or e-

mail to the other side unless the other side refuses to confer by telephone or by videoconference.

If a party is unable to informally resolve a discovery dispute after conferring by telephone or by videoconference, that party should contact the Court's courtroom deputy clerk and request a conference with the Court. Typically, the Court will hold a conference call to discuss the issue and may request that each side submit a short statement via email to the Court (and the opposing party) discussing the issue in advance of the conference. In any event, no party may file a motion to compel or other motion arising out of a discovery dispute without first obtaining the Court's permission.

The Court is usually available by telephone to resolve objections and other disputes that may arise during depositions.

## D. CONFIDENTIALITY ORDERS AND MOTIONS TO SEAL

No pleadings or other materials may be filed under seal with the Clerk of Court without the filer first obtaining the Court's permission. As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files.

If this case is assigned to a district judge, a party seeking to file a document under seal must follow any specific procedures of that presiding district judge.

Procedures of individual district judges are available on the Court's website under the heading "For Attorneys" and then "Trial Instructions/Preparation" or by contacting the Clerk's Office. A party seeking to file a document under seal must follow the Court's rules and procedures set forth in Section II(J) of Appendix H to the Local Rules for the Northern District of Georgia, which are located on the Court's website, http://www.gand.uscourts.gov/cv-sealed-procedures, unless the presiding district judge's procedures are inconsistent with those rules and procedures. Any proposed Confidentiality Order submitted for the Court's approval and signature must contain a provision that mandates compliance with this paragraph and the procedures described herein.

**E. ELECTRONIC FILING OF EXHIBITS AND ATTACHMENTS**

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content. For example, the parties should label their exhibits as "Ex. A: John Smith Deposition," or "Ex. B: Employment Contract," rather than simply "Ex. A" or "Ex. B." All exhibits must be filed in a text-searchable PDF format.

**F. MOTIONS FOR SUMMARY JUDGMENT**

Each party shall file its documents in a text-searchable PDF format.

**1. Courtesy Copies**

Pursuant to Section I(A) of Appendix H to the Local Rules for the Northern District of Georgia, within three days of making an electronic filing concerning a motion for summary judgment, all counseled parties are required to provide Judge Salinas's Chambers with a hard copy of all filings and exhibits related to such motion. **The copy provided must include the CM/ECF header on the top of each page.** All exhibits should be clearly marked and tabbed for ease of reference. This courtesy copy requirement applies with equal force to deposition transcripts filed in support of or in response to a motion for summary judgment. This courtesy copy requirement does not apply to pro se litigants.

With respect to other types of motions, courtesy copies are not necessary unless specifically requested by the Court.

**2. Record References**

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. Citations to deposition testimony should immediately follow the cited testimony and include the deponent's name and the page number of the transcript where the referenced testimony can be found. Line numbers are not necessary.

**3. Deposition Transcripts**

When filing a brief in support of or in opposition to a motion for summary judgment, the party must simultaneously file an electronic copy of the complete transcript of each deposition referenced in the brief, including all exhibits, as well as a notice of filing of the deposition transcript(s). Copies of individual deposition pages to which the parties referred in their memoranda of law need not be attached to the memoranda or otherwise submitted in a separate form.

As noted above, whenever a deposition transcript is electronically filed, the filer must also provide the Court with a courtesy copy of the transcript, with exhibits, within three days of the electronic filing. **<u>The copy of the deposition transcript and exhibits must include the CM/ECF header on the top of each page.</u>** The courtesy copy requirement for deposition transcripts does not apply to pro se litigants.

**4. Statement of Material Facts and Response**

As noted above, the attached Order modifying Local Rule 56.1 is in effect in this case. Statements of material facts that do not conform with the attached Order will be returned to counsel for revision.

## G. MEDIATION

The parties are advised that the Court offers the services of its magistrate judges to mediate cases at no cost to the parties. If the parties in this case wish to mediate, they should file a consent motion asking the Court to stay all deadlines and refer the case to mediation.

**SO ORDERED**, this 14th day of August, 2026.

Catherine M. Salinas
United States Magistrate Judge

# ORDER MODIFYING LOCAL RULE 56.1

**(a) Purpose and Scope.** The purpose of Local Rule 56.1 is to focus the Court's attention on the facts material to summary judgment and to provide the Court with clear citations to the evidence relevant to those facts. This Order is intended to further that purpose. To the extent that this Order conflicts with Local Rule 56.1, this Order shall control. This Order is not a standing order. It is case specific and applies only to cases in which it is filed.

**(b) Statement of Material Facts ("SMF").** Unless the parties agree to forego the requirements of Local Rule 56.1 pursuant to Paragraph (j) of this Order, a party who files a motion for summary judgment shall file and serve a separate Statement of Material Facts ("SMF"). The SMF shall be single-spaced, in portrait orientation, set out in two parallel columns, and prepared in 14 point Times New Roman font. The SMF shall not exceed five pages. The movant must label the first column "Statement of Fact" and the second column "Evidentiary Citation." An example of a proper SMF is attached.

(1) The first column is for material facts. Material facts are those that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment. Background facts and facts offered to provide context should not be included in the SMF, but they may be included in the brief and will be considered by the Court, provided they are accompanied by citations to competent evidence of record.

(2) The second column is for citations to competent evidence. The moving party shall describe where the evidence supporting the fact is located in the record. The moving party must particularly describe the evidentiary source and, if applicable, the page/paragraph number, and shall state where the evidence can be found in CM/ECF. Failure to cite to evidence may result in the Court striking the SMF and requiring the party to resubmit it with proper citations to evidence.

(3) Argument should not be included in the SMF. Argument is reserved for the briefs. Note that there is no column in the SMF for argument. Do not include it. If a party provides an argumentative SMF, the Court may strike it and require the movant to resubmit it without reference to any arguments.

(4) The motion and brief should be filed first, with exhibits attached thereto, pursuant to Local Rule 56.1(C) and my Scheduling Order. After the exhibits are filed, the moving party should add the CM/ECF citations in its Evidentiary Citation column of the SMF. The SMF (with the CM/ECF citations included) should be filed no later than the day after the summary judgment brief is filed. Failure to include the CM/ECF citations may result in the Court striking the SMF and requiring the party to resubmit it with proper citations to evidence.

**(c) Response to the Statement of Material Facts ("RSMF").** Unless the parties agree to forego the requirements of Local Rule 56.1 pursuant to Paragraph (j) of this Order, any party who opposes a motion for summary judgment shall file and serve a separate Response to Statement of Material Facts ("RSMF") that mirrors the numbering and format of the moving party's SMF. The RSMF shall be single-spaced, in portrait orientation, set out in two parallel columns, and prepared in 14 point Times New Roman font. The RSMF shall not exceed five pages. The respondent must label the first column "Statement of Fact" and the second column "Evidentiary Citation." An example of a proper RSMF is attached.

(1) In the first column of the RSMF, the responding party may provide one of four answers: (a) not disputed; (b) disputed; (c) partially disputed; or (d) not supported by the cited evidence. <u>The responding party should not restate the fact asserted in the SMF</u>. If there is an evidentiary objection, the responding party may briefly note the objection in the first column, but evidentiary objections must be made either in a separately filed Notice of Objection[1] or within the brief. The RSMF is not the place to litigate evidentiary issues or make arguments.

(2) The second column is for citations to competent <u>evidence</u>. The responding party must particularly describe the evidentiary source and, if applicable, the page/paragraph number, and shall state where the evidence can be found in CM/ECF. If the responding party does not dispute a fact as set forth by the moving party, the responding party need only make the "not disputed" response in the first column and leave the second column blank. If the responding party disputes, or partially disputes, the movant's fact, the opposing party shall state "disputed" or "partially disputed" in the first column, and then include

[1] A motion to strike is not the proper procedural vehicle to challenge summary judgment evidence.

citations to the evidence supporting the responding party's position in the second column. If the fact can be disputed by reference to a fact set forth in the responding party's Statement of Additional Facts (discussed below), the responding party may cite to the SAF number(s), rather than listing out all the individual pieces of evidence in the response column. Failure to cite to evidence may result in the Court striking the RSMF and requiring the party to resubmit it with proper citations to evidence.

(3) Argument should not be included in the RSMF. Argument is reserved for the briefs. If a party provides an argumentative RSMF, the Court may strike it and require the responding party to resubmit it without reference to any arguments.

(4) The Court will review the citations listed on both the SMF and RSMF and determine whether the stated fact is material. The responding party shall not address materiality in the RSMF, but rather shall save such arguments for the brief.

(5) The response brief should be filed first, with any exhibits attached thereto. The RSMF (with the CM/ECF citations included) should be filed no later than the day after the response brief is filed. Failure to include the CM/ECF citations may result in the Court striking the RSMF and requiring the party to resubmit it with proper citations to evidence.

**(d) Respondent's Statement of Additional Facts ("SAF").** If the responding party contends that there are any additional facts that create a genuine issue for trial but that were not included in the moving party's SMF, the responding party may file a separate Statement of Additional Facts ("SAF"). All the guidelines regarding the SMF apply to the SAF, except that the responding party is limited to five pages total for both the RSMF and any SAF it may choose to file. The SAF is due at the same time as the RSMF. An example of a proper SAF is attached.

**(e) Response to the SAF ("RSAF").** If the responding party files a SAF, the moving party may file a response thereto within the time frame for filing the reply brief. All the guidelines regarding the RSMF apply to the movant's Response to the SAF, except that the length of the RSAF shall not exceed the length of the SAF. If done properly, the RSAF should be significantly shorter than the SAF.

**(f) Facts Deemed Undisputed.** For purposes of a motion for summary judgment, facts set forth in the SMF and SAF will be deemed undisputed unless either (i) the evidence cited in support of the fact is improper or does not support the fact; or (ii) the other party provides competent evidence in the RSMF or RSAF to demonstrate that the fact is disputed.

**(g) Cross Motions.** When both sides move for summary judgment on the same claim(s), each side must file its own SMF (Defendant's labeled "DSMF" and Plaintiff's labeled "PSMF"). Each side will also be entitled to file its own RSMF (Defendant's labeled "DRSMF" and Plaintiff's labeled "PRSMF"). No Statement of Additional Facts may be filed.

**(h) Factual Statements and Record Citations in the Briefs.** The parties' briefs must contain a factual recitation; it is not proper to skip the fact section and simply incorporate the SMF, RSMF, SAF, or RSAF. Whenever possible, facts recited in the briefs should be accompanied by citations to the SMF, the RSMF, the SAF, and the RSAF. Background facts or other facts not included in the SMF or SAF must be accompanied by citations to competent evidence of record.

**(i) Requests for page extensions.** Requests for additional pages for the SMF and/or the combined RSMF/SAF are discouraged and will not routinely be granted. Any request for additional pages must be accompanied by a proposed SMF (or combined RSMF/SAF). Requests for page extensions without the proposed document will be denied.

**(j) Agreement to Forego the Requirements of Local Rule 56.1.** By unanimous agreement, the parties may forego the requirements of Local Rule 56.1 and file only a movant's brief, a response, and a reply.

(1) If the parties elect to proceed under this Paragraph and forego the Requirements of Local Rule 56.1, they may each have five additional pages for their first briefs, i.e., 30 pages total; no page limit extensions will be granted. The page limitation for the reply is not extended.

(2) The fact that the parties are proceeding under this Paragraph must be noted on the first page of each party's first brief.

(3) Briefs filed pursuant to this subsection must include all necessary facts and citations to evidence. The citations must particularly describe the evidentiary source and, if applicable, the page/paragraph number, and

shall state where the evidence can be found in CM/ECF. Parties should file their exhibits first, as a "Notice of Filing." After the exhibits are filed, the party must then revise its brief and add in the CM/ECF citations to the brief. No requests for additional time to comply with this requirement will be granted.

(4) Evidentiary objections may be made either in the brief or through a separately filed Notice of Objection.

**(k) Signature Lines & Certificates of Service.** Signature lines and certificates of service do not count toward the page limits set forth in this order.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT JONES,<br><br>Plaintiff,<br><br>v.<br><br>L.H. MORGAN,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:17-CV-00000-ABC-CMS |

**DEFENDANT L.H. MORGAN'S STATEMENT OF MATERIAL FACTS**

| | **STATEMENT OF FACT** | **EVIDENTIARY CITATION** |
|---|---|---|
| 1. | On December 28, 2010, Plaintiff Robert Jones ("Plaintiff") wrote to L.H. Morgan ("Defendant") to request an employment interview. | Letter from Plaintiff to Defendant dated 12/28/10 at p. 1, attached as Ex. C to Defendant's Motion for Summary Judgment ("MSJ") [Doc. 35-4]. |
| 2. | Plaintiff's cover letter and resume were reviewed by Nancy Smith, Director of Personnel for Defendant. | Affidavit of Nancy Smith ("Smith Aff.") ¶ 5, attached as Ex. B to MSJ [Doc. 35-3]. |
| 3. | From the various awards and activities listed on Plaintiff's resume, Ms. Smith was aware that Plaintiff was an African-American candidate. | Smith Aff. ¶ 12 [Doc. 35-3]. |
| 4. | Shortly after receiving Plaintiff's cover letter and resume, Ms. Smith contacted Plaintiff and invited him to interview with Defendant on January 24, 2011, for a position in their Actuarial Trainee Program. | Plaintiff's Answers to Interrogatories at p. 5, attached as Ex. J to MSJ [Doc. 35-11]. |
| 5. | Although Defendant did not ordinarily reimburse entry-level candidates for their | Plaintiff's Response to Request for Admissions at p. |

| | | |
|---|---|---|
| | interview expenses, Ms. Smith offered to pay for Plaintiff's expenses because the firm was actively recruiting African-American candidates for its Actuarial Trainee Program. | 11, attached as Ex. A to MSJ [Doc. 35-2]. |
| 6. | The percentage of African-Americans in the Actuarial Trainee Program with Defendant is six times higher than the national percentage of African-American actuaries. | Smith Aff. ¶ 13 [Doc. 35-3]; NAACP Report dated July 8, 2010, entitled "African-Americans in Actuarial Training Programs" at pp. 15, 27-28, attached as Ex. E to MSJ [Doc. 35-6]. |
| 7. | As communicated to Plaintiff in a letter dated January 5, 2011, Plaintiff's interview was scheduled to begin at 9:30 a.m. on January 24, 2011. | Letter to Plaintiff from Ms. Smith dated 01/05/11, attached as Ex. D to MSJ [Doc. 35-5]. |
| 8. | Plaintiff was scheduled to interview with Ms. Smith and Lawrence Peters, a senior partner at the firm. | Smith Aff. ¶ 11 [Doc. 35-3]. |
| 9. | On January 24, 2011, Plaintiff arrived at Defendant's offices at 9:55 a.m. | Deposition of Robert Jones ("Pl. Dep.") at p. 9, attached as Ex. F to MSJ [Doc. 35-7]. |
| 10. | During his interview with Ms. Smith, Plaintiff indicated that his salary expectations were around $80,000.00. | Id. at p. 14 [Doc. 35-7]. |
| 11. | Defendant's average starting salary for Actuarial Trainees is $60,000.00. | Affidavit of Joshua Turner ("Turner Aff.") ¶ 4, attached as Ex. G to MSJ [Doc. 35-8]. |
| 12. | The industry-wide average starting salary for the equivalent position is $50,000.00. | Report from the American Society of Actuaries dated 01/10/12, entitled "Assessment of Industry Compensation Standards" at pp. 48-49, attached as Ex. H to MSJ [Doc. 35-9]. |
| 13. | During his interview with Mr. Peters, Plaintiff remarked that the duties of an Actuarial Trainee appeared somewhat | Pl. Dep. at p. 18 [Doc. 35-7]. |

| | | |
|---|---|---|
| | menial and that he would expect to be promoted to Actuarial Associate within one year. | |
| 14. | On average, entry-level candidates with Defendant spend two and one half years as Actuarial Trainees before promotion to Actuarial Associate. | Smith Aff. ¶ 20 [Doc. 35-3]; Turner Aff. ¶ 6 [Doc. 35-8]. |
| 15. | Plaintiff devoted the majority of his interview with Mr. Peters to inquiring about the Actuarial Associate position and the requirements for partnership. | Affidavit of Lawrence Peters ("Peters Aff.") ¶ 5, attached as Ex. I to MSJ [Doc. 35-10]. |
| 16. | In accordance with standard interview procedures, Ms. Smith and Mr. Peters met after their interviews with Plaintiff to discuss their impressions and to fill out a written evaluation form. | Smith Aff. ¶ 19 [Doc. 35-3]; Peters Aff. ¶ 8 [Doc. 35-10]. |
| 17. | Ms. Smith and Mr. Peters agreed that Plaintiff should not be extended an employment offer. | Smith Aff. ¶¶ 20-21 [Doc. 35-3]; Peters Aff. ¶¶ 9-10 [Doc. 35-10]. |

/s/

---

ATTORNEY AT LAW

Attorney for Defendant
L.H. MORGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT JONES,<br><br>Plaintiff,<br><br>v.<br><br>L.H. MORGAN,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:17-CV-00000-ABC-CMS |

**PLAINTIFF ROBERT JONES'S RESPONSE TO DEFENDANT L.H. MORGAN'S STATEMENT OF MATERIAL FACTS**

| | **STATEMENT OF FACT** | **EVIDENTIARY CITATION** |
|---|---|---|
| 1. | Not Disputed. | |
| 2. | Not Disputed. | |
| 3. | Not Disputed. | |
| 4. | Partially disputed. Although Nancy Smith did invite Plaintiff Robert Jones ("Plaintiff") to interview with L.H. Morgan ("Defendant") on January 24, 2011, Plaintiff was never informed that he was only being considered for the Actuarial Trainee Program. | Affidavit of Robert Jones ("Pl. Aff.") ¶ 7, attached as Ex. A to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opp'n") [Doc. 37-2]; Deposition of Nancy Smith ("Smith Dep.") at p. 9, attached as Ex. B to Opp'n [Doc. 37-3]. |
| 5. | Partially disputed. Defendant was not actively recruiting African-American candidates for its Actuarial Trainee Program. | Defendant's Answers to Interrogatories at p. 2, attached as Ex. C to Opp'n [Doc. 37-4]. |
| 6. | Not Disputed. | |
| 7. | Not Disputed. | |

| | | |
|---|---|---|
| 8. | Not Disputed. | |
| 9. | Disputed. | Deposition of Robert Jones ("Pl. Dep.") at pp. 9-10, attached as Ex. E to Opp'n [Doc. 37-6]; Affidavit of Kim Williams ("Williams Aff.") ¶¶ 12-13, attached as Ex. F to Opp'n [Doc. 37-7]. |
| 10. | Partially disputed. Plaintiff indicated that salary was negotiable. | Pl. Dep. at pp. 10-11 [Doc. 37-6]. |
| 11. | Not Disputed. | |
| 12. | Not Disputed. | |
| 13. | Partially disputed. Plaintiff indicated to Mr. Peters that he was confident in his ability and would expect to advance quickly. | Defendant's Response to Request for Admissions at p. 4, attached as Ex. D to Opp'n [Doc. 37-5]; Pl. Aff. ¶ 27 [Doc. 37-2]. |
| 14. | Not Disputed. | |
| 15. | Not Disputed. | |
| 16. | Not Disputed. | |
| 17. | Not Disputed. | |

## PLAINTIFF ROBERT JONES'S STATEMENT OF ADDITIONAL FACTS

| | **STATEMENT OF FACT** | **EVIDENTIARY CITATION** |
|---|---|---|
| 18. | Plaintiff is a 2005 magna cum laude graduate of the Wharton School of Business, where he obtained a Bachelor of Science degree in Economics with concentrations in Actuarial Science and Accounting. | Transcript for Plaintiff from the Wharton School of Business dated 06/10/05, attached as Ex. F to Opp'n [Doc. 37-7]. |
| 19. | In the course of his studies at the University of Pennsylvania, Plaintiff maintained a 4.0 grade point average in his seven accounting classes and was awarded numerous academic prizes and citations. | Id. [Doc. 37-7]. |

| | | |
|---|---|---|
| 20. | At the time of his application to Defendant, Plaintiff had passed seven of the examinations administered by the American Society of Actuaries, making him an Associate Member of the Society. | Certificate from the American Society of Actuaries for Plaintiff dated 12/05/10, attached as Ex. G to Opp'n [Doc. 37-8]. |
| 21. | When Plaintiff mentioned to Ms. Smith that he thought $80,000.00 would be a fair salary, Ms. Smith told Plaintiff that such a salary was on the high side, but not necessarily "out of the ballpark." | Pl. Aff. ¶ 10 [Doc. 37-2]. |
| 22. | When Plaintiff expressed interest in the Actuarial Associate position and in the requirements for partnership, Mr. Peters remarked that Plaintiff might "be getting a little ahead of himself" to be thinking about such positions. | Id. ¶ 17 [Doc. 37-2]. |
| 23. | Of the thirty individuals hired into the Actuarial Trainee Program between September 1, 2010 and August 31, 2011, twenty-seven had grade point averages that were lower than Plaintiff's, and none had passed as many of the exams administered by the American Society of Actuaries. | Defendant's Answers to Interrogatories at pp. 7-9, attached as Ex. C to Opp'n [Doc. 37-4]. |

/s/

ATTORNEY AT LAW

Attorney for Plaintiff
ROBERT JONES